Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone: (602) 482-4300
Facsimile:  (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Linda Price*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Price,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Unum Life Insurance Company of America; National Oilwell Varco, L.P.; Varco Health and Welfare Plan,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Linda Price (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

### *Jurisdiction*

1.　Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

1  U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of
2  the United States.

### *Parties*

4    2.  Plaintiff is a resident of Maricopa County, Arizona.

5    3.  Upon information and belief, National Oilwell Varco, L.P. (hereinafter
6  referred to as the "Company") sponsored, administered and purchased a group long-term
7  disability insurance policy which was fully insured by Unum Life Insurance Company of
8  America (hereinafter referred to as "Unum").  The specific Unum long term disability
9  group insurance policy is known as Group Policy No.: 563001-001 (hereinafter referred
10 to as the "Policy").  The policy was issued in the state of Texas and is governed by Texas
11 law which has banned discretionary clauses in disability policies.  The Company's
12 purpose in sponsoring, administering and purchasing the Policy was to provide long term
13 disability insurance for its employees.  Upon information and belief, the Unum Policy may
14 have been included in and part of an employee benefit plan, specifically named the Varco
15 Health and Welfare Plan (hereinafter referred to as the "Plan") which may have been
16 created to provide the Company's employees with welfare benefits.  At all times relevant
17 hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C.
18 §1002(1).

19   4.  Upon information and belief, Unum functioned as the claim administrator of
20 the policy; however, pursuant to the relevant ERISA regulation, the Company and/or the
21 Plan may not have made a proper delegation or properly vested fiduciary authority or power
22 for claim administration in Unum.

23   5.  Unum operated under a conflict of interest in evaluating her long-term
24 disability claim due to the fact that it operated in dual roles as the decision maker with

regard to whether Plaintiff was disabled as well as the payor of benefits. Unum's conflict existed in that if it found Plaintiff was disabled and her claim was not subject to a policy limitation, it would continue to be liable to pay Plaintiff her disability benefits.

6. The Company, Unum and the Plan conduct business within Maricopa County and all events giving rise to this Complaint occurred within Arizona.

### *Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant Policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant Policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other non-disability employee benefits she may be entitled to from the Plan, any other Company Plan and/or the Company, as a result of being found disabled and entitled to continued benefits in this action.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about March 13, 2012, due to serious medical conditions and was unable to work in her designated occupation as a Human Resources Representative. Plaintiff has remained disabled as that term is defined in the relevant Policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

10. Following her disability, Plaintiff filed a claim for short-term disability benefits and those benefits have been paid and exhausted.

11. Following the exhaustion of her short-term disability benefits, Plaintiff then filed for long-term disability benefits under the relevant Policy which was administered by Unum. Unum made every decision in Plaintiff's long-term disability claim.

12. Upon information and belief, the relevant Unum Policy and definition of disability governing Plaintiff's long term disability claim is as follows:

"Disability" or "Disabled" means:

- You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- You have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
- After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

13. In support of her claim for long-term disability benefits, Plaintiff submitted to Unum, medical evidence which supported her allegation that she met any definition of disability as defined in the relevant Policy.

14. During the administrative review of Plaintiff's claim, she also applied for, was approved and is currently receiving Social Security disability benefits through the Social Security Administration (hereinafter referred to as "SSA").

15. Plaintiff informed Unum that her claim for Social Security disability benefits had been approved and she submitted to Unum a copy of her September 3, 2013 Notice of Award from the SSA which confirmed the approval.

16. The SSA found Plaintiff became disabled from engaging in any gainful occupation which may have existed in the national economy as of March 2012. The

evidence supporting Plaintiff's claim was so persuasive that SSA found her disabled without her even needing to attend a hearing before an Administrative Law Judge.

17. The SSA's definition of disability is more stringent and difficult to meet than the aforementioned definition of disability in the Unum Policy for the first 24 months of disability and substantially similar to the Policy's definition of disability after the first 24 months of disability. Therefore, the SSA's approval of Plaintiff's claim is relevant evidence for this Court to consider with regard to the reasonableness of Unum's decision to terminate and deny Plaintiff's claim and benefits.

18. Unum initially approved Plaintiff's long-term disability claim and paid her long-term disability benefits through October 20, 2014, when Unum terminated her benefits after concluding Plaintiff was disabled and unable to work due to a medical condition that was limited to 24 months of disability benefits in the Policy. Plaintiff alleges in this action that her claim is not subject to any Policy limitation and that Unum's determination in this regard is unlawful, unreasonable and erroneous.

19. In a letter dated October 20, 2014, Unum informed Plaintiff it was terminating her long-term disability benefits beyond that date after concluding her claim was subject to the aforementioned Policy limitation and that it had paid all the benefits Plaintiff was entitled to.

20. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed Unum's October 20, 2014 termination of her benefits.

21. In support of her appeal and claim for continued long term disability benefits, Plaintiff submitted to Unum additional medical, vocational and lay-witness evidence which demonstrated that she met any definition of disability set forth in the Policy and that her claim was not subject to any Policy limitation.

22. Plaintiff submitted to Unum a March 13, 2015 narrative letter authored by her treating board certified treating physician who opined that Plaintiff was totally disabled due solely to a medical condition that was not subject to a policy limitation.

23. Plaintiff also submitted to Unum a March 9, 2015 narrative letter authored by her treating provider who opined she is unable to work due primarily to medical conditions that were not subject to a Policy limitation.

24. Plaintiff also submitted to Unum a Functional Capacity Evaluation report dated January 14, 2015, wherein after an extensive several hour evaluation, a qualified physical therapist determined that due to her physical restrictions and limitations which are not subject to a Policy limitation, "…[Plaintiff] is unable to perform any categorical work at this time, even ***sedentary***." (original emphasis).

25. Further supporting her claim, Plaintiff submitted a vocational report from a certified vocational expert dated April 24, 2015, who after reviewing Plaintiff's medical evidence and the definition of disability and interviewing Plaintiff concluded that she was disabled due to medical conditions that are not subject to a policy limitation.

26. In addition to the medical records and reports submitted to Unum, Plaintiff submitted two sworn affidavits from her prior co-workers and long-time friends, who both confirmed Plaintiff is unable to work in any occupation and that her medical conditions had not improved in any manner which would allow her to return to any work since her date of disability.

27. Plaintiff also submitted updated medical records from each of her treating providers and a list of her current medications, as well as the side effects they cause and the impact they would have on her ability to work in any work environment.

28. As part of its review of Plaintiff's claim for long term disability benefits, Unum obtained a medical records only "paper review" of Plaintiff's claim from a physician of its choosing, Jonathan McAllister, M.D.

29. Upon information and belief, Plaintiff alleges Dr. McAllister may be a long time medical consultant for the disability insurance industry and/or Unum. As a result, Plaintiff alleges Dr. McAllister may have an incentive to protect his own consulting relationship with the disability insurance industry and/or Unum by providing medical records only paper reviews, which selectively review or ignore evidence such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies and that supported the termination of Plaintiff's benefits.

30. In letters dated April 19, 2015 and May 14, 2015, in order to engage Unum in a dialogue so she could perfect any alleged deficiencies in her claim, Plaintiff requested a complete copy of any and all medical records only "paper reviews" from Unum and the opportunity to respond to these reviews as well as to provide them to her treating physicians for their response prior to Unum rendering a determination in her claim.

31. In letters dated May 1, 2015 and May 15, 2015, Unum rejected Plaintiff's counsel's April 19, 2015 and May 14, 2015 requests, and informed counsel that Dr. McAllister had contacted her treating physician directly regarding her claim and medical condition.

32. In response to questions posed by Dr. McAllister, Plaintiff's current treating board certified physician marked "no" when asked whether he agreed that Plaintiff is able to resume full time work.

33. Prior to rendering its final denial in Plaintiff's claim, Unum never shared with Plaintiff the medical records only "paper review" authored by Dr. McAllister so she could

respond to the report and/or perfect her claim. Unum's failure to provide Plaintiff with the opportunity to respond to Dr. McAllister's report is an ERISA procedural violation and precluded a full and fair review. Unum's action in failing to disclose the report is also a violation of Ninth Circuit case law.

34. In a letter dated August 5, 2015, notwithstanding Plaintiff's evidence which proved she met any definition of disability in the Policy and that her claim was not subject to a Policy limitation, Unum notified her that it had denied her claim for continued long-term disability benefits. In its letter, Unum concluded Plaintiff's claim was subject to a policy limitation and that she was not entitled to continued benefits. In the letter, Unum notified Plaintiff she had exhausted her administrative levels of review and could file a civil action lawsuit in federal court pursuant to ERISA.

35. Upon information and belief, Unum's August 5, 2015 denial letter confirms it failed to provide a full and fair review, and in the process committed several procedural violations pursuant to ERISA due to among other reasons, completely failing to credit, reference, consider, and/or selectively reviewing and de-emphasizing most, if not all of Plaintiff's reliable evidence which allowed it to terminate Plaintiff's benefits.

36. In evaluating Plaintiff's claim on appeal, Unum had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [1]

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

37. Unum failed to adequately investigate and failed to engage Plaintiff in a dialogue during the appeal with regard to what evidence was necessary so Plaintiff could perfect her appeal in order to prove that she was disabled due to a condition which was not subject to a Policy limitation. Unum's failure to investigate the claim and to engage in this dialogue or to obtain the evidence it believed was important to perfect Plaintiff's claim is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

38. Plaintiff alleges Unum provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, by erroneously applying a Policy limitation to Plaintiff's claim that limited her to receiving 24 months of disability benefits when she was entitled to continued disability benefits; by failing to adequately evaluate and consider the approval of Plaintiff's SSA claim; by failing to adequately investigate her claim because its reviewing medical professional was not truly independent; by failing to credit Plaintiff's reliable evidence; by providing one sided reviews of Plaintiff's claim that failed to consider all the evidence submitted by her and/or de-emphasizing medical evidence which supported Plaintiff's claim and that a Policy limitation did not apply to it; by disregarding Plaintiff's self-reported symptoms; by failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the impact the combination of those diagnoses and impairments would have on her ability to work; by failing to engage Plaintiff in a dialogue so she could respond to Dr. McAllister's report by submitting the necessary evidence to perfect her claim so that she could prove that a Policy limitation did not apply to her claim; by failing to consider the impact the side effects from Plaintiff's medications would have on her ability to engage in any occupation.

39.     Plaintiff alleges the reason Unum provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest that manifested as a result of the dual roles Unum undertook as the decision maker and payor of benefits in her claim.  Unum's conflict of interest provided it with a financial incentive to terminate Plaintiff's claim by finding that it was subject to a policy limitation.  Unum's decision to apply a Policy limitation in Plaintiff's claim saved it a significant amount of money.

40.     Plaintiff is entitled to discovery regarding Unum's aforementioned conflicts of interest and any individual who reviewed her claim and the Court may properly weigh and consider extrinsic evidence regarding the nature, extent and effect of *any* conflict of interest and/or ERISA procedural violation which may have impacted or influenced Unum's decision to deny her claim and terminate her benefits.

41.     With regard to whether Plaintiff meets the definition of disability set forth in the policy and whether her claim is subject to a policy limitation, the standard of review for the Court to apply is *de novo*, because even though the Policy unlawfully contains discretionary language, it was issued in Texas where National Oilwell Varco, L.P. is headquartered and Texas banned discretionary clauses in disability policies in 2011.   In denying her claim, Plaintiff alleges Unum failed to provide a full and fair review pursuant to ERISA, and that its denial of her claim and its termination of her benefits is *de novo* wrong. If the Court concludes the Policy confers discretion and that the standard of review is for an abuse of discretion, Plaintiff alleges Unum's unlawful ERISA violations as referenced herein are an abuse of discretion, precluded a Full and Fair review as required by law and are so flagrant that they justify *de novo* review.

42. As a direct result of Unum's decision to terminate Plaintiff's disability claim, she has been injured and suffered damages in the form of lost long-term disability benefits, in addition to other potential non-disability employee benefits she may have been entitled to receive through or from the Plan, from any other Company Plan and/or the Company as a result of being found disabled. Plaintiff believes other potential employee benefits may include but not be limited to, health and other insurance related coverage or benefits, retirement benefits or a pension, life insurance coverage and/or the waiver of the premium on a life insurance policy providing coverage for her and her family/dependents.

43. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

44. Plaintiff is entitled to prejudgment interest at the legal rate pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an Order that Plaintiff meets any definition of disability in the Unum Policy and that her disability claim is not subject to a Policy limitation;

B. For an Order requiring Defendants to pay Plaintiff her disability benefits as defined in the relevant Plan and Policy, as well as any other non-disability employee benefits she may be entitled to as a result of being found disabled and entitled to benefits in this lawsuit, from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon;

C. For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the conditions for termination of benefits;

D. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

E. For such other and further relief as the Court deems just and proper.

DATED this 1st day of December, 2015.

SCOTT E. DAVIS. P.C.

By: */s/ Scott E. Davis*
Scott E. Davis
Attorney for Plaintiff